## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TENARIS S.A. and TALTA-TRADING E MARKETING SOCIEDADE UNIPESSOAL LDA,<br><br>              Petitioners,<br>   v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>           Respondent. | Civil Action No. 1:18-cv-01373 (CJN) |

## PETITIONERS' MOTION TO ALTER OR AMEND
## THE JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(E)

**FRESHFIELDS BRUCKHAUS DERINGER US LLP**

Elliot Friedman (D.C. Bar No. NY0106)
David Y. Livshiz (D.C. Bar No. NY0269)
Cameron C. Russell (D.C. Bar No. NY0321)
601 Lexington Avenue, 31st Floor
New York, New York 10022
Telephone:  (212) 277-4000
Facsimile:  (212) 277-4001
*elliot.friedman@freshfields.com*
*david.livshiz@freshfields.com*
*cameron.russell@freshfields.com*

*Attorneys for Petitioners Tenaris S.A. and Talta-Trading e Marketing Sociedade Unipessoal Lda*

# <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................... 1

FACTUAL BACKGROUND ................................................................................................. 1

ARGUMENT ......................................................................................................................... 3

      I.       Petitioners are entitled to post-award, pre-judgment interest, on the terms provided for in the Award, through the date of Judgment, August 24, 2021 ........ 3

      II.     The Judgment should be altered under Federal Rule of Civil Procedure 59(e) to include all pre-judgment interest owed under the Award ........................ 8

CONCLUSION ....................................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                          **Page(s)**

*Catlin v. United States,*
   324 U.S. 229 (1945)..................................................................................................................6

*Continental Transfert Technique Ltd. v. Federal Government of Nigeria,*
   932 F. Supp. 2d 153 (D.D.C. 2013), *aff'd,* 603 Fed. Appx. 1 (D.C. Cir. 2015) ......................9

*Franklin v. District of Columbia,*
   163 F.3d 625 (D.C. Cir. 1998) ..........................................................................................6, 7

*Fresh Kist Produce, LLC v. Choi Corp., Inc.,*
   251 F. Supp. 2d 138 (D.D.C. 2003) ....................................................................................10

*Horn v. Transcon Lines, Inc.,*
   898 F.2d 589 (7th Cir. 1990) ................................................................................................7

*Koch Minerals Sàrl v. Bolivarian Republic Of Venez.,*
   No. 17-cv-2559, 2021 WL 3662938 (D.D.C. Aug. 18, 2021) ..................................................5

*Leidos, Inc. v. Hellenic Republic,*
   881 F.3d 213 (D.C. Cir. 2018) ..........................................................................................8, 9

*Lightfoot v. District of Columbia,*
   355 F. Supp. 2d 414 (D.D.C. 2005) ......................................................................................8

*LLC SPC Stileks v. Republic of Moldova,*
   985 F.3d 871 (D.C. Cir. 2021) ..........................................................................................4, 5

*Mohammadi v. Islamic Republic of Iran,*
   947 F. Supp. 2d 48 (D.D.C. 2013), *aff'd,* 782 F.3d 9 (D.C. Cir. 2015)....................................9

*Neal v. Director, D.C. Dept. of Corrections,*
   No. CIV. A. 93–2420, 1995 WL 870887 (D.D.C. Dec. 20, 1995) .....................................5, 10

*OI Eur. Grp. B.V. v. Bolivarian Republic of Venez.,*
   Civil Action No. 16-1533, 2019 WL 2185040 (D.D.C. May 21, 2019)....................................4

*Osterneck v. Ernst & Whinney,*
   489 U.S. 169 (1989)..........................................................................................................5, 8

*Parsi v. Daioleslam,*
   778 F.3d 116 (D.C. Cir. 2015) ..............................................................................................7

*Select Specialty Hospital-Denver, Inc. v. Azar,*
   Civil Action No. 10-1356, 2019 WL 5697076 (D.D.C. Nov. 4, 2019) .....................................9

*Tenaris S.A. v. Bolivarian Republic of Venez.*,
   No. 18-cv-1371, 2020 WL 3265476 (D.D.C. June 17, 2020)................................5, 6

\* *Tenaris S.A. v. Bolivarian Republic of Venez.*,
   No. 18-cv-1371, 2020 U.S. Dist. LEXIS 126193 (D.D.C. July 17, 2020) ............6, 7

*West Virginia v. United States*,
   479 U.S. 305 (1987)...............................................................................................5

*Winslow v. F.E.R.C.*,
   587 F.3d 1133 (D.C. Cir. 2009) ..............................................................................8

**Statutes**

22 U.S.C. § 1650a..................................................................................................1, 2, 4

28 U.S.C. § 1961................................................................................................1, 3, 6, 10

**Other Authorities**

Convention on the Settlement of Investment Disputes between States and
   Nationals of Other States, Mar. 18, 1965, 17 U.S.T. 1270, 575 U.N.T.S. 159.................1, 2, 4

Fed. R. Civ. P. 59(e) ..........................................................................................1, 8, 9

Petitioners Tenaris S.A. and Talta-Trading e Marketing Sociedade Unipessoal Lda (collectively, "Petitioners") move pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to alter the judgment in this case dated August 24, 2021 (the "Judgment"), in order to require Respondent the Bolivarian Republic of Venezuela ("Venezuela") to pay pre-judgment interest through the day on which the Judgment was entered.

## INTRODUCTION

Petitioners commenced this action on June 8, 2018, seeking to confirm an arbitral award rendered in favor of Petitioners and against Venezuela. The Court granted in part Petitioners' Petition to Recognize and Enforce an ICSID Arbitration Award (the "Petition") on March 29, 2021. On April 12, 2021, at the direction of the Court, Petitioners provided the Court with calculations of interest owed under the terms of the underlying ICSID arbitration award (the "Award"), updated to April 30, 2021. As of April 30, 2021, the value of the Award was US$276,943,766. The Court entered judgment four months later, on August 24, 2021, in the amount of US$276,943,766, with post-judgment interest to accrue from that date onwards pursuant to 28 U.S.C. § 1961. Petitioners now respectfully request that the Court alter the judgment to include US$3,723,274 in interest that accrued under the terms of the Award between the date of Petitioners' updated valuation (April 30, 2021) and the date on which the Court entered judgment on the Award (August 24, 2021), in accordance with the terms of the Award and applicable law.

## FACTUAL BACKGROUND

This is an action to recognize and enforce an arbitral award pursuant to 22 U.S.C. § 1650a and Article 54 of the Convention on the Settlement of Investment Disputes between States and Nationals of Other States, Mar. 18, 1965, 17 U.S.T. 1270, 575 U.N.T.S. 159 (the "ICSID Convention").

The underlying arbitration was conducted under the rules of the International Centre for Settlement of Investment Disputes and pursuant to the ICSID Convention.  The Award was rendered on December 12, 2016.  Blackaby Decl., June 8, 2018 ("Blackaby Decl."), Ex. A (Award), ECF No. 1-3.  The Award orders Venezuela to pay Petitioners:  (*i*) damages in the amount of US$137,017,887; (*ii*) interest on this amount accruing "from April 30, 2008 up to the date of actual payment at a rate equal to the LIBOR for one-year USD deposits plus 4% [per annum], with the interest rate redefined every year from April 30, 2008 onwards, and interest compounded on a year-in-arrears basis"; and (*iii*) costs in the amount of US$3,290,000.  *See* Blackaby Decl., Ex. A (Award), at ¶ 892, ECF No. 1-3.

On June 8, 2018, Petitioners filed the Petition, seeking the recognition of the Award and the enforcement of the pecuniary obligations it imposes pursuant to 22 U.S.C. § 1650a and Article 54 of the ICSID Convention.  Petition, ECF No. 1.

On March 29, 2021 this Court issued an order granting the Petition in part and recognizing the Award.  Order, Mar. 29, 2021, ECF No. 29; *see also* Mem. Op., Mar. 29, 2021, ECF No. 30.  The Court also ordered Petitioners to file a proposed order of judgment reflecting the amounts of the constituent parts of the Award and a summary of the interest owed on the Award.  Order, Mar. 29, 2021, ECF No. 29.  On April 12, 2021, Petitioners filed the proposed order and an accompanying summary of the amount of interest owed on the Award.  Notice of Proposed Order J., ECF No. 31.  Petitioners provided calculations of interest owed on the Award up to April 30, 2021, which Petitioners used as a proxy for the date of entry of final judgment, and offered to provide the Court with updated calculations of interest at the Court's request should judgment be entered further into the future.  *Id.* 2, n.1.  As of April 30, 2021, the value of

the Award would be US$276,943,766, with interest continuing to accrue through the entry of a judgment at the rate set forth in the Award.

Venezuela did not oppose Petitioners' interest calculations.  *See* Order, Aug. 24, 2021, ECF No. 32.

Four months later, on August 24, 2021, the Court entered judgment in the amount of US$276,943,766 (the value of the Award as of April 30, 2021, per Petitioners' calculations), with post-judgment interest running from August 24, 2021 onwards pursuant to 28 U.S.C. § 1961.  Order, Aug. 24, 2021, ECF No. 32.

That order had the effect, likely unintended, of denying Petitioners approximately four months of post-award, pre-judgment interest, in the amount of US$3,723,274.  By entering judgment for US$276,943,766, the judgment excludes US$3,723,274 in post-award (pre-judgment) interest that accrued under the terms of the Award between the date of Petitioners' updated valuation (April 30, 2021) and the date on which the Court entered judgment on the Award (August 24, 2021).  Friedman Decl., Sept. 20, 2021 ("Friedman Decl."), 2.  On August 24, 2021, the date on which judgment was entered, the full value of the Award was US$280,667,040, and Petitioners respectfully request that the Court's judgment be altered to reflect that sum.

## ARGUMENT

**I.**   **Petitioners are entitled to post-award, pre-judgment interest, on the terms provided for in the Award, through the date of Judgment, August 24, 2021**

Petitioners are entitled to post-award, pre-judgment interest at the rate provided in the Award up until the date the Court entered judgment (*i.e.*, August 24, 2021).

Both the ICSID Convention and the U.S. federal legislation implementing the Convention require federal courts to enforce the pecuniary obligations of an ICSID Convention

award.  Article 54(1) of the ICSID Convention requires member States to "recognize an award rendered pursuant to [the ICSID Convention] as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State." Blackaby Decl., Ex. C (ICSID Convention Excerpts), at Art. 54(1), ECF No. 1-5.  The United States legislation implementing the ICSID Convention provides:

> An award of an arbitral tribunal rendered pursuant to chapter IV of the [ICSID] convention shall create a right arising under a treaty of the United States.  The pecuniary obligations imposed by such an award *shall be enforced* and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States.

22 U.S.C. § 1650a(a) (emphasis added).

The Award grants Petitioners post-award interest "from April 30, 2008 up to the date of actual payment."  Blackaby Decl., Ex. A (Award), at ¶ 892, ECF No. 1-3.  Petitioners are therefore entitled to a judgment that enforces the Award's grant of post-award interest from April 30, 2008 until the date of the entry of final judgment.  *See OI Eur. Grp. B.V. v. Bolivarian Republic of Venez.*, Civil Action No. 16-1533, 2019 WL 2185040, at *7 (D.D.C. May 21, 2019) ("[W]hen an ICSID panel like the one here awards interest 'until payment,' a federal court must recognize and enforce that pecuniary term.  Any other reading of the Court's obligations would flout the plain language of [22 U.S.C. § 1650a(a)].") (quotations and citation omitted); *see also id.* (when an ICSID Convention award grants post-award interest "until payment," "the [a]ward['s] interest rate . . . appl[ies] in determining the interest plaintiff is entitled to *for the entire pre-judgment period*.") (emphasis added).

ICSID Convention awards create rights under United States law, which recognizes that post-award (*i.e.*, pre-judgment) interest is an element of complete compensation to which an award-creditor is entitled.  *See LLC SPC Stileks v. Republic of Moldova*, 985 F.3d 871, 881 (D.C.

Cir. 2021) (describing interest owed "after the arbitration award but before the award is converted into a U.S. judgment" as pre-judgment interest, and holding that international arbitration award "confirmation petitions . . . are deemed to arise under the laws of the United States, and prejudgment interest is an element of complete compensation in U.S. law") (*quoting West Virginia v. United States*, 479 U.S. 305, 310 (1987)) (cleaned up); *see also Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989) ("[W]e have repeatedly stated that prejudgment interest is an element of plaintiff's complete compensation.") (cleaned up).

The date that "demarcates the period of *post-award* interest [as provided in an ICSID Convention award] from the period of *post-judgment* interest" is the date on which the court enters final judgment. *Tenaris S.A. v. Bolivarian Republic of Venez.*, No. 18-cv-1371, 2020 WL 3265476, at *2 (D.D.C. June 17, 2020) ("*Tenaris I*") (emphasis in original); *see also LLC SPC Stileks*, 985 F.3d at 881 ("Regarding a foreign arbitral award, there are three possible categories of interest: pre-award, pre-judgment (*i.e.*, after the arbitration award but before the award is converted into a U.S. judgment) and post-judgment."); *Koch Minerals Sàrl v. Bolivarian Republic Of Venez.*, No. 17-cv-2559, 2021 WL 3662938, at *3 (D.D.C. Aug. 18, 2021) (agreeing with Venezuela "that the interest rates set out in the ICSID Award will apply post-award (but pre-judgment), whereas the federal statutory interest rate will apply post-judgment") (citing *Tenaris I*); *Neal v. Director, D.C. Dept. of Corrections*, No. CIV. A. 93–2420, 1995 WL 870887, at *1 (D.D.C. Dec. 20, 1995) ("Prejudgment interest is 'an element of complete compensation,' and is available on sums from the time at which damages are ascertained *until the moment that judgment is actually entered*.") (emphasis added).

Therefore, the post-award (pre-judgment) interest rate provided in an ICSID Convention award applies up to the date on which a final judgment is entered even in cases where, as here, a

court issues a decision holding that the award will be recognized and enforced before it enters a judgment for a specific amount.  For example, in *Tenaris I*, the court decided on June 17, 2020, to recognize Petitioners' ICSID Convention arbitration award.  *Tenaris I*, 2020 WL 3265476, at *4.  The court held that the underlying award's post-award interest rate would apply up to the date of that decision (*i.e.*, June 17, 2020), after which the federal statutory post-judgment interest rate under 28 U.S.C. § 1961(a) would apply.  *See id.* at *2–3.  The same day, the court solicited updated calculations of the post-award interest owed under that award.  *See* Order, *Tenaris S.A. v. Bolivarian Republic of Venez.*, No. 18-cv-1371 (D.D.C. June 17, 2020), ECF No. 25.

The *Tenaris I* court entered judgment a month later, on July 17, 2020.  *See* Order J., *Tenaris S.A. v. Bolivarian Republic of Venez.*, No. 18-cv-1371 (D.D.C. July 17, 2020), ECF No. 29.  In its memorandum accompanying the entry of judgment, the court reversed its June 17, 2020 decision that post-award interest would be calculated up to the date of its decision to recognize the award (*i.e.*, June 17, 2020), holding instead that the award's post-award interest rate applied up to the date judgment was entered (*i.e.*, July 17, 2020).  *Tenaris S.A. v. Bolivarian Republic of Venez.*, No. 18-cv-1371, 2020 U.S. Dist. LEXIS 126193, at *1–2 (D.D.C. July 17, 2020).  The court explained that it had erred when it stated in its prior decision that the federal statutory interest rate would apply from the date of its decision to recognize the award (*i.e.*, June 17, 2020):

> In its June 17, 2020 Memorandum Opinion, the Court erroneously stated that "§ 1961's rate shall apply to the accumulation of interest from the date of this ruling." The Court regrets the oversight.  The June 17, 2020 Order was not a final judgment because it did not "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment," *Franklin v. D.C.*, 163 F.3d 625, 628 (D.C. Cir. 1998) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)); rather, the Order expressly indicated that the Court still needed to calculate the total amount of the judgment. In actions seeking damages, "a final judgment in a

Petitioner's favor declares not only liability but also the consequences of liability—what, if anything, [Venezuela] must do as a result." *Id.* Although the June 17, 2020 Order "established [Venezuela's] liability, . . . it granted no relief, it imposed no obligations on [Venezuela], [and] it did not say, as final decisions in such cases must, 'who is entitled to what from whom.'" *Id.* (quoting *Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 591 (7th Cir. 1990)).  Accordingly, the Order and Judgment accompanying this Memorandum Opinion is the applicable final judgment and the Court will calculate post-award interest as running through today's date.

*Id.* (alterations in original); *see also Parsi v. Daioleslam*, 778 F.3d 116, 133 (D.C. Cir. 2015) (reversing district court's award of post-judgment interest as of date of district court's summary judgment opinion rather than date of entry of judgment because the summary judgment opinion did not resolve the final quantum of recoverable costs).

As in the *Tenaris I* case, Petitioners are entitled to post-award interest up until the date on which this Court's judgment was entered (*i.e.*, August 24, 2021), even though the Court recognized the Award at an earlier date.[1]  The Court's August 24, 2021 judgment does not include all such post-award interest, however, because it does not include any interest that accrued in the period between April 30, 2021 (the date of the Petitioners' updated interest calculations) and August 24, 2021 (the date on which the Court entered judgment).  *See* Order, Aug. 24, 2021; Friedman Decl. 2–3.  Petitioners respectfully submit that the Judgment should be

---

[1]     In its Proposed Order for Final Judgment, Venezuela acknowledges Petitioners' entitlement to a judgment confirming the Award that includes post-award (pre-judgment) interest at the rate provided in the Award up to the date on which the final judgment is entered.  *See* Proposed Order for Final J. 3, ECF No. 25-2 ("The Clerk of the Court is directed to enter judgment for [Petitioners] against [Venezuela] in the amount of . . . $112,345,530 plus interest on that amount from April 30, 2008 *through the date of this Order* at a rate equal to the LIBOR for one-year USD deposits plus 4% p.a., with the interest rate redefined every year from April 30, 2008 *until the date of this Order*, and interest compounded on a year-in-arrears basis . . . .") (emphasis added).

altered to require Venezuela to pay the full amount owed on the Award, as of August 24, 2021, which is US$280,667,040.

## II.     The Judgment should be altered under Federal Rule of Civil Procedure 59(e) to include all pre-judgment interest owed under the Award

Federal Rule of Civil Procedure 59(e) permits the alteration or amendment of a judgment within 28 days from the entry of judgment, Fed. R. Civ. P. 59(e), to include pre-judgment interest to which a successful plaintiff is entitled but which was not included in the original judgment.  *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 176 (1989); *Winslow v. F.E.R.C.*, 587 F.3d 1133, 1134–35 (D.C. Cir. 2009) ("The Supreme Court has flatly stated . . . that motions for mandatory prejudgment interest are governed by Rule 59(e).").

Although "the . . . amendment of a judgment is . . . an extraordinary measure," courts have "considerable discretion in ruling on a Rule 59(e) motion" and may do so "in order to correct a clear error or prevent manifest injustice."  *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018) (internal quotations and citation omitted).  Here, the Court should alter the judgment both to correct a clear error and to prevent a manifest injustice.

A "clear error" warranting alteration of a judgment under Rule 59(e) exists where the court has a "clear conviction" that the judgment is wrong.  *Lightfoot v. District of Columbia*, 355 F. Supp. 2d 414, 422 (D.D.C. 2005).  Here, the August 24, 2021 judgment includes post-award (pre-judgment) interest up to April 30, 2021, and post-judgment interest beginning to accrue from August 24, 2021, meaning that Venezuela is not required to pay *any* interest during the almost four-month period from April 30 to August 24, 2021.  As explained above, Petitioners' right to post-award interest up to the date of the entry of judgment is clearly established under both the terms of the Award and U.S. law.  The judgment is therefore clearly erroneous to the

extent that it does not include post-award (pre-judgment) interest (or, indeed, any interest) between April 30, 2021 and August 24, 2021.

A "manifest injustice" exists where there is "(1) a clear and certain prejudice to the moving party that (2) is fundamentally unfair in light of governing law." *Leidos*, 881 F.3d at 217 (quoting *Mohammadi v. Islamic Republic of Iran*, 947 F. Supp. 2d 48, 78 (D.D.C. 2013), *aff'd*, 782 F.3d 9 (D.C. Cir. 2015)). Both prongs of this test are met here: as shown above, the Award and the governing law establishes Petitioners' right to a judgment that includes the US$3,723,274 in interest that was not included in the August 24, 2021 judgment, and it would cause clear and certain prejudice to Petitioners if the judgment is not altered to include that amount.

Courts in this district routinely grant motions under Rule 59(e) to alter judgments to include pre-judgment interest to which a successful plaintiff is entitled. *See, e.g.*, *Continental Transfer Technique Ltd. v. Federal Government of Nigeria*, 932 F. Supp. 2d 153, 163–66 (D.D.C. 2013) (granting Rule 59(e) motion and holding that addition of pre-judgment interest to order confirming international arbitration award was necessary to prevent a manifest injustice because: (*i*) judgment creditor had requested such interest during confirmation proceedings; (*ii*) judgment creditor would not be fully compensated under the terms of the award were the judgment not altered to include pre-judgment interest; (*iii*) sovereign award debtor had delayed the confirmation proceedings, including by initially failing to appear; and (*iv*) sovereign award debtor had not fulfilled its payment obligations under the award), *aff'd*, 603 Fed. Appx. 1 (D.C. Cir. 2015); *Select Specialty Hospital-Denver, Inc. v. Azar*, Civil Action No. 10-1356, 2019 WL 5697076, at *6–7 (D.D.C. Nov. 4, 2019) (granting Rule 59(e) motion to add pre-judgment

interest to judgment); *Neal*, 1995 WL 870887, at *2–3 (same); *Fresh Kist Produce, LLC v. Choi Corp.*, 251 F. Supp. 2d 138, 140–44 (D.D.C. 2003) (same).

The Court should therefore alter the judgment to include the US$3,723,274 in interest that was not included in the August 24, 2021 judgment.

## CONCLUSION

For the foregoing reasons, Petitioners respectfully request that the Court enter judgment for Petitioners and against Venezuela in the amount of US$280,667,040, with post-judgment interest pursuant to 28 U.S.C. § 1961 beginning to accrue from August 24, 2021 (the date of the Court's prior Order).  A proposed form of judgment is submitted herewith.

Dated:  September 20, 2021         Respectfully submitted,

                                   By: /s/ Elliot Friedman

                                   **FRESHFIELDS BRUCKHAUS DERINGER US LLP**
                                   Elliot Friedman (D.C. Bar No. NY0106)
                                   David Y. Livshiz (D.C. Bar No. NY0269)
                                   Cameron C. Russell (D.C. Bar No. NY0321)
                                   601 Lexington Avenue, 31st Floor
                                   New York, New York 10022
                                   Telephone:  (212) 277-4000
                                   Facsimile:  (212) 277-4001
                                   *elliot.friedman@freshfields.com*
                                   *david.livshiz@freshfields.com*
                                   *cameron.russell@freshfields.com*

                                   *Attorneys for Petitioners Tenaris S.A. and Talta-Trading e Marketing Sociedade Unipessoal Lda*